UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE DUNN, ) | |
| ) | |
| Plaintiff, ) | Case No. 25 CV 03657 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| HILTON WORLDWIDE ) | |
| HEADQUARTERS and PALMER HOUSE, ) | |
| A HILTON HOTEL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Dunn ("Plaintiff") filed this action against Hilton Worldwide Headquarters and Palmer House, a Hilton Hotel (together, "Defendants"), alleging employment discrimination on the basis of age and race, as well as retaliation. Before the Court is Defendants' motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion [12].

**I.      BACKGROUND**

The Court accepts as true the following facts from Plaintiff's complaint for the purpose of resolving Defendants' motion to dismiss.

Plaintiff was formerly employed at the Palmer House in Chicago, Illinois. On September 9, 2024, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation. On October 28, 2024, the EEOC issued a Notice of Right to Sue (the "Notice") that states:

> The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the

respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

(Dkt. 1 at *7.) The Notice also provided information about Plaintiff's right to file a lawsuit against Defendants:

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

(*Id.*) The Notice is dated October 28, 2024 and is addressed to Plaintiff at her home address. In the bottom lefthand corner of the version of the Notice appended to Plaintiff's complaint is a handwritten note stating: "(received January 6, 2025)." (*Id.*)

Plaintiff implies in her brief in opposition to the motion to the dismiss that she did not receive the Notice in the mail, but instead visited the EEOC office on January 6, 2025 to learn about the status of her complaint. Plaintiff confirmed as much during sworn testimony before this Court. She also testified that she had been experiencing issues with receiving postal mail, generally, at the time, and had visited the U.S. Postal Service office on several occasions to try to resolve those issues.

On April 4, 2025, Plaintiff filed the instant complaint on the EEOC charge.

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

2

A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

### III. DISCUSSION

Defendants move to dismiss the complaint on the basis that it is time-barred because Plaintiff did not file her complaint within 90 days of her receipt of the Notice.

Under Title VII, a plaintiff must bring suit alleging a violation within 90 days of receipt of a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The 90-day period begins when a plaintiff receives "actual notice" of her right to sue, which has been interpreted as the date on which the claimant, or her attorney, "obtains physical possession of the right to sue letter issued by the EEOC." *Watson v. Borgwarner Transmission Sys., Inc.*, 2001 WL 474312, at *2 (N.D. Ill. Apr. 26, 2001) (Kocoras, J.) (citing *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)).

The plaintiff has the burden to produce facts showing why he or she did not receive the letter within the applicable period. *See Houston v. Sidley & Austin*, 185 F.3d 837, 840 n.5 (7th Cir. 1999); *Johnson v. Spiegel, Inc.*, 2002 WL 1880137, at *4 (N.D. Ill. Aug. 15, 2022) (Pallmeyer, J.). "[A]bsent an established date of receipt, there is a presumption that letters are received five days from the mailing date." *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 701–02 (N.D. Ill. 2020) (Tharp, Jr., J.).

Defendants contend that Plaintiff's allegation that she did not receive the Notice in the mail and learned about the Notice for the first time on January 6, 2025 is vague, unsubstantiated by affidavit or declaration, and unsupported by facts. Defendants further argue that "there is no dispute that the Notice was sent to the proper address," and "[t]herefore, any failure to receive a right to sue letter is due to plaintiff's failure to check her mailbox or to pick up the certified mail waiting for her at the post office." (Dkt. 21 at *3.)

Defendants are simply wrong. First, there is, in fact, a dispute about whether the Notice was sent and delivered to the proper address. Any presumption that Plaintiff received the Notice on or shortly after October 28, 2024 has been rebutted by Plaintiff's sworn testimony that she did not receive the Notice in the mail, first learned of the Notice's existence on January 6, 2025 after having visited the EEOC office, and had been experiencing problems with her postal mail. *See Potts v. Nippon Sharyo Mfg., LLC*, 2016 WL 4975148, at *3 (N.D. Ill. Sept. 16, 2016) (Reinhard, J.) (confirming that "evidence, including declarations, is allowable – and often required – on a motion to dismiss based on untimeliness, to resolve the issue when a right-to-sue letter was received").

Second, Defendants cite three cases in their reply brief to support their contention that Plaintiff's failure to receive the Notice was "due to [her] failure to check her mailbox or to pick up the certified mail waiting for her at the post office." (Dkt. 21 at *3–*4.) But those cases are distinguishable because they involve plaintiffs who were at fault for not having received right-to-sue letters. In *Edwards*, the plaintiff was unaware of the EEOC's decision and did not receive his right to sue letter until six months after it was issued because he had failed to inform the EEOC of his change in mailing address. *Edwards v. Johnson*, 198 F. Supp. 3d 874, 879 (N.D. Ill. 2016) (Kocoras, J.). The Court found that the plaintiff had "pleaded himself out of court by alleging facts that establish that the delay in filing resulted from his own negligence." *Id.* In *Stavrou*, where the Court noted that it was apparent from the pleadings that the Postal Service had attempted to deliver the letter on several occasions, the plaintiff could not relieve herself of fault where she offered no explanation as to why she did not receive the right to sue letter at the time of its original delivery. *Stavrou v. Mercy Hosp. & Med. Ctr.*, 2004 WL 1403715, at *2 (N.D. Ill. Jun. 22, 2004) (Marovich, J.). And in *St. Louis*, the plaintiff was at fault for not telling the EEOC that he had moved. *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984).

4

Here, Defendants have not presented an "airtight defense" on statute of limitations grounds. *Rosado v. Gonzalez*, 832 F.3d 714 (7th Cir. 2016) (holding that a dismissal on statute of limitations grounds is only appropriate "if the claim is indisputably time-barred"). Where Plaintiff did not change addresses or provide the EEOC with an incorrect mailing address, and had experienced problems with delivery of her mail, it is not apparent from the pleadings that the delay in initiating this action resulted from Plaintiff's own negligence. *See Edwards*, 198 F. Supp. 3d at 879. As such, Plaintiff should not be penalized for having learned of the Notice months after it was issued through no apparent fault of her own. Of course, if Defendants have or discover evidence that Plaintiff received the Notice before January 6, 2025, such that would bar her claim, they may present it to this Court at a procedurally allowable time. *See Potts*, 2016 WL 4975148, at *3.

Having determined that Plaintiff has sufficiently rebutted the presumption of timely receipt, *see Hardiman*, 455 F. Supp. 3d at 701–02, the Court finds that Plaintiff's initiation of this action is timely.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion [12].

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 9/15/2025